IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IVETTE ECHENIQUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:23-cv-534-RAH |
| | ) | [WO] |
| JOE BIDEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

Proceeding *pro se*, Plaintiff Ivette Echenique asserts multiple claims against multiple defendants, including allegations that several of the Defendants have been stalking her. (Doc. 1.) On January 4, 2023, the Magistrate Judge recommended that this action should be dismissed without prejudice. (Doc. 14.) Thereafter, Plaintiff filed several letters acknowledging receipt of the Court's recommendation and essentially elaborating on the same or similar allegations as those raised in her initial complaint. (Docs. 15, 16, 17, and 18.) On March 7, 2024, Plaintiff also filed a motion for a temporary restraining order to "please make [Defendants] send me my stimulus or [have] St. Peterburg send me money for car and property took[.]" (Doc. 19 at 9.) On March 11, 2024, Plaintiff submitted an additional letter which the Court has construed as a notice. (Doc. 20.)

### A. Temporary Restraining Order

Federal Rule of Civil Procedure 65(b) governs requests for temporary restraining orders. A temporary restraining order may be issued without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)–(B).

Plaintiff falls short of meeting the prerequisites for the exceptional remedy of a temporary restraining order. First, she has not submitted a verified complaint or affidavit in support of her allegations. Second, Plaintiff has not submitted the certification required by Rule 65(b)(1)(B).

Accordingly, it is **ORDERED** that Plaintiff's Motion for a Temporary Restraining Order (Doc. 19) is **DENIED.**

### B. Dismissal

To the extent Plaintiff's letters may be construed as including objections to the Magistrate Judge's Recommendation (Doc. 14), the objections are due to be overruled.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo.* 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). *See also United States v. Gopie,* 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783-85 (11th Cir. 2006). Otherwise, a Report and Recommendation is reviewed for clear error. *Id.*

This Court agrees with the Magistrate Judge's determination that Plaintiff has failed to plead a sufficient factual or legal basis which meets the requirements of Federal Rule of Civil Procedure 8(a)(2). As discussed in the Recommendation (Doc. 14 at 3), Plaintiff's allegations are insufficient to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)); *see also Twombly*, 550 U.S. at 555 (stating that the purpose of the federal pleading requirement is to "give the defendant fair notice of what the ... claim

is and the grounds upon which it rests") (internal quotation marks and citation omitted).

Upon an independent review of the record, it is

**ORDERED** as follows:

1. The Recommendation (Doc. 14) is **ADOPTED**;

2. The Objections (Docs. 15, 16, 17, 18, 20) are **OVERRULED**;

3. This case is **DISMISSED** without prejudice.

A separate final judgment will follow.

**DONE** on this the 12th day of March, 2024.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE